**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Deshawn Vincent SMITH, Defendant—Appellant.**

**No. 07–50419.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2008.\*

Filed Sept. 23, 2008.

R.App. P. 34(a)(2).

Michael J. Raphael, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Karyn H. Bucur, Attorney at Law, Laguna Hills, CA, for Defendant–Appellant.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Deshawn Vincent Smith appeals the district court's modification of the terms of his supervised release. He contends that the district court abused its discretion in requiring him to submit to up to four drug tests per month, as directed by the probation officer, pursuant to 18 U.S.C. § 3583(d). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court has the authority to order a defendant to submit to more drug tests than those required by 18 U.S.C. § 3583(d). *United States v. Stephens,* 424 F.3d 876, 882–83 (9th Cir.2005). Conditions of supervised release are reviewed for an abuse of discretion. *United States v. Betts,* 511 F.3d 872, 874 (9th Cir.2007). A discretionary supervised release condition is permissible so long as it is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a), involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a), and is consistent with any pertinent policy statements issued by the Sentencing Commission. *United States v. Weber,* 451 F.3d 552, 557–58 (9th Cir.2006); *see United States v. Jeremiah,* 493 F.3d 1042, 1047 (9th Cir.2007) (applying these requirements to district court's setting of maximum number of drug tests).

Smith argues that the new drug test condition is not reasonably related to the offense of conviction and his history and characteristics under § 3553(a)(1) because no drugs were involved in the offense of conviction nor in any of his other convictions, and his three post-release drug tests were negative. In addition, he only acknowledged marijuana as a teenager and tested positive for marijuana and possessed an unnamed intoxicant in the middle of his prison term. Smith also argues that the drug test condition involves a

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

greater deprivation of liberty than is reasonably necessary to achieve the goals of deterrence, protection of the public, or rehabilitation under § 3553(a)(2) because he has not recently used drugs, and drug tests will interrupt his college schedule.

The district court concluded that Smith appeared headed for trouble because he had dropped out of classes during a previous semester, was not employed, and had been seen wearing gang colors, and that the drug test condition thus was reasonably related to the goals of deterrence and rehabilitation. In light of this conclusion and Smith's past drug use, the district court did not abuse its discretion in modifying the terms of supervised release. *See Jeremiah*, 493 F.3d at 1047.

**AFFIRMED.**

---

* The Honorable Brian Sandoval, U.S. District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.